WO                                                                                          SC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Miguel Ricardo Chappelle, | ) | No. CV 07-0991-PHX-MHM (DKD) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Joseph M. Arpaio, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Miguel Ricardo Chappelle, who is confined in the Lower Buckeye Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 with an Application to Proceed *In Forma Pauperis*.  (Doc.# 1.)[1]  The Court will dismiss the Complaint and this action as time-barred.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

---

[1] "Doc.#" refers to the docket number of filings in this case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Complaint will be dismissed without leave to amend because the defects cannot be corrected.

## III.    Complaint

Plaintiff is currently an inmate in the Lower Buckeye Jail, but he alleges one count regarding his conditions of confinement when he was held at the Durango Jail between December 1997 and October 1998, approximately nine years ago. Plaintiff sues Maricopa County Sheriff Joseph M. Arpaio, the Maricopa County Jail Administrator, the Maricopa County Sheriff's Office and the Jail Division. Plaintiff seeks compensatory damages.

## IV.    Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff alleges his conditions of confinement in the Durango Jail between December 1997 and October 1998 were unconstitutional. The failure to state a claim includes circumstances where a defense is complete and obvious from the face of the pleadings.

1    Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (applying former § 1915(d) now

2    codified at 28 U.S.C. § 1915(e)(2)(B)).  In the absence of waiver, a court may raise the

3    defense of statute of limitations *sua sponte*.  See Levald, Inc. v. City of Palm Desert, 998

4    F.2d 680, 687 (9th Cir. 1993); see also Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003)

5    (appropriate to dismiss prisoner's complaint *sua sponte* as time-barred under

6    § 1915(e)(2)(B)); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 956 (4th Cir.

7    1995) (*en banc*) (same); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (same); Moore v.

8    McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (same); Johnson v. Rodriguez, 943 F.2d 104,

9    107-08 (1st Cir. 1991) (same).

10        In § 1983 actions, the Court applies the statute of limitations of the forum state for

11   personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 266, 274-76 (1985); TwoRivers v.

12   Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.

13   1991).  The Arizona statute of limitations for personal injury actions is two years.  See A.R.S.

14   § 12-542(1); Madden-Tyler v. Maricopa County, 943 P.2d 822, 824 (Ariz. Ct. App. 1997);

15   Vaughan, 927 F.2d at 478.

16        It appears from the face of Plaintiff's Complaint that his claim accrued more than two

17   years before he filed his Complaint and that it is, therefore, time-barred.  His complaint was

18   filed on May 23, 2007 and signed on May 20, 2007.  (Doc.# 1 at 6.)  For his claim to be

19   timely, it must have accrued no earlier than May 23, 2005, two years before his Complaint

20   was filed.  "[A] claim generally accrues when a plaintiff knows or has reason to know of the

21   injury which is the basis of his action."  Cabrera v. City of Huntington Park, 159 F.3d 374,

22   379 (9th Cir. 1998).  Plaintiff alleges that he was housed from December 1997 until October

23   1998 at the Durango Jail and was subject to overcrowding and riots as well as other allegedly

24   unconstitutional conditions.  Thus, Plaintiff's claim accrued no later than October 2000, but

25   Plaintiff did not file this action until more than six years later.  The Court will therefore

26   dismiss this action for failure to state a claim because the Complaint alleges only a facially

27   time-barred claim.

28   /      /      /

**IT IS ORDERED:**

(1)      Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2)      As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)      The Complaint (doc.# 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4)      The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 22nd day of June, 2007.

_____
Mary H. Murguia
United States District Judge

- 4 -